```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERMAN BROWN,

                            Plaintiff,
            -against-

INSTITUTE FOR COMMUNITY LIVING;
OSBORN ASSOCIATION; and DISCHARGE
PLANNING SERVICES,

                            Defendants.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 0 2010 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10 Civ. 2363 (BMC)(ALC)

**COGAN**, District Judge.

Plaintiff, while incarcerated at Rikers Island,[1] filed this *pro se* action alleging that defendants violated his constitutional rights during his Discharge Planning from Rikers Island. This action was transferred from the United States District Court for the Southern District of New York on May 17, 2010. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs him to amend his complaint within thirty (30) days of this Order.

## BACKGROUND

The following information is extracted from plaintiff's complaint and its attachments. Plaintiff has a history of mental illness and was previously a resident of the Institute for Community Living. On September 2, 2007, he was arrested and jailed pursuant to Queens

---

[1] According to the New York City Department of Correction, plaintiff was discharged to the custody of the New York State Department of Correction on May 18, 2010 and is currently incarcerated at Downstate Correctional Facility. See New York City Department of Correction, Inmate Lookup, http://a072-web.nyc.gov/inmatelookup/ (last visited June 8, 2010); New York State Department of Correctional Services, Inmate Population Information Search, http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (last visited June 8, 2010). Plaintiff is reminded that it is his obligation to keep the Court apprised of his current address. The Clerk of Court is directed to send a copy of this Order to plaintiff at his current address at Downstate Correctional Facility, P.O. Box F, Fishkill, New York 12524.

1

County Indictment Number 02583/2007. A jury convicted him of second-degree assault and third-degree possession of a weapon on October 24, 2008. As of April 5, 2010, when plaintiff delivered the complaint to prison authorities for mailing, he had not yet been sentenced.

The gist of plaintiff's complaint is that his "discharge planning service" was handled so badly that it violated his constitutional rights. Plaintiff states that he is a "Brad H class member" a reference to Brad H. v. City of New York, 185 Misc. 2d 420, 712 N.Y.S.2d 336 (Sup. Ct. New York County 2000), aff'd, 276 A.D.2d 440, 716 N.Y.S.2d 852 (1st Dep't 2000), a class action in which the court required the City of New York and responsible agencies to provide "adequate discharge planning" to New York City inmates treated for mental illness. Plaintiff alleges that agents of defendants Discharge Planning Services of Rikers Island and Osborne Association improperly submitted psychological evaluations, and that Margarita Baez, a Discharge Planner at Rikers Island, provided an outdated evaluation that resulted in him waiving his state law right to have a sentence imposed "without unreasonable delay," which he cites as C.P.L. "380.30 for timely sentencing."

Plaintiff further alleges that he was qualified for, but denied admission to, the MICA program at the Institute for Community Living, a residential program for mental illness or chemical addiction. See, e.g., William G. v. Pataki, 03-CV-8331, 2005 WL 1949509, at *1 (S.D.N.Y. Aug. 12, 2005) (discussing MICA programs). Finally, plaintiff alleges that instead of interviewing him to see if he qualified for the MICA program, "they tried to get a video court confession from me in March, 2010." He claims that the MICA interview required an admission of guilt, which would interfere with his appeal and violated his constitutional rights.

## DISCUSSION

### A. **Standard of Review**

Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A document filed *pro se* is 'to be liberally construed'," especially where plaintiff alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (internal quotations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-93 (2d Cir. 2008).

### B. **Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain such a claim, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

3

Neither the Institute for Community Living nor the Osborne Association (as it is properly spelled) act under color of state law within the meaning of § 1983. The Institute for Community Living is a non-profit organization which "assist[s] individuals and families affected by or at risk for mental and developmental disabilities with services and support designed to improve their quality of life and participation in community living." See Institute for Community Living, http://www.iclinc.net/ (last visited June 3, 2010). The Osborne Association is a non-profit criminal justice organization that "operates a broad range of treatment, educational, and vocational services for people involved in the adult criminal and juvenile justice systems, including prisoners and former prisoners, their children, and other family members." See The Osborne Association, http://www.osborneny.org/ (last visited June 3, 2010). Both are private entities and private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Acad. v. Tennessee, 531 U.S. 288, 304-05, 121 S.Ct. 924 (2001).

Moreover, even if the non-profits received public funding, they may only be held liable as state actors if "there [was] a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 986 (1999). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly said to be a state actor'." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982)). Therefore, plaintiff fails to state a claim under § 1983 against the Institute for Community Living or the Osborne Association or its employees.

Plaintiff's claim against Rikers Island fails because it is a prison facility and not considered a "person" for purposes of § 1983 liability. Griffin v. Rikers Island House of

Detention for Men, 91-CV-1694, 1993 WL 17203, at *1 (S.D.N.Y. Jan. 19, 1993) (citing Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Discharge planning services are provided by the Rikers Island mental health staff for every inmate receiving mental health treatment and does not constitute an entity separate from the prison itself. There is, therefore, no "person acting under state law" as required for a § 1983 claim.

Additionally, even if broadly construed as a § 1983 claim against the New York City Department of Correction, plaintiff's claim fails because the department is an agency of the City of New York and cannot be sued independently. See, e.g., Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000) (noting that district court dismissed charges against New York City Police Department because it was a city agency and therefore not subject to suit under the New York City Charter, § 396); Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (finding that Police Department and Department of Correction were both agencies of the City of New York and, individually, not subject to suit under § 1983); Signorile v. City of New York, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) (holding that New York City Police Department is not a proper party under § 1983). Thus, to the extent plaintiff seeks to name the New York City Department of Correction as a defendant, the claim is futile.

Finally, plaintiff does not name her in the caption of his complaint, but in the text, Margarita Baez is named as a Discharge Planner with Rikers Island Discharge Planning Services. Plaintiff's only allegations against Ms. Baez are that she submitted the wrong psychological evaluation on one or more occasions. As currently stated, plaintiff has not alleged the violation of a constitutional right by Ms. Baez, only negligence. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670 (1986) (holding that plaintiff must show abusive conduct by government officials rather than mere negligence); Daniels v. Williams, 474 U.S. 327, 332-33, 106 S.Ct. 662,

666 (1986) (holding that Due Process Clause protections are not triggered by a lack of due care by prison officials).

**LEAVE TO AMEND**

As currently presented, plaintiff has not stated a § 1983 claim against any of the three named defendants. However, in light of plaintiff's *pro se* status and the civil rights violations alleged, he is afforded thirty (30) days to amend his complaint and to name proper defendants. See, e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999), for the proposition that a *pro se* plaintiff should be given leave to amend when a liberal reading of the complaint gives an indication that plaintiff's constitutional rights have been violated). In his amended complaint, if any, plaintiff must allege the personal involvement in the alleged constitutional violation of any named defendant. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (noting that "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citations omitted).

**CONCLUSION**

The claims against the Institute for Community Living, the Osbourne Association and the Discharge Planning Services of Rikers Island are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915(A). The Clerk of Court is directed to send a copy of this Order to plaintiff at his current address at Downstate Correctional Facility, P.O. Box F, Fishkill, New York 12524.

Plaintiff may file an amended complaint, which must be submitted to the Court within thirty (30) days of the date of this Order. No summons shall issue at this time and all further

proceedings are stayed for thirty (30) days in order for plaintiff to comply with this Order. If plaintiff fails to comply within the time allowed, the complaint shall be dismissed and judgment shall enter. Once submitted the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 9, 2010