UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

HERMAN BROWN,

                Plaintiff,

-against-

INSTITUTE FOR COMMUNITY LIVING;
OSBORN ASSOCIATION; and DISCHARGE
PLANNING SERVICES,

                Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 0 2 2010
P.M. _____
TIME A.M. _____

**MEMORANDUM AND ORDER**

10 Civ. 2363 (BMC)

COGAN, District Judge.

*Pro se* plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. For the reasons set forth below, the Amended Complaint is dismissed.

## BACKGROUND

Familiarity with the facts underlying this action, as set out in the Court's Order of June 9, 2010, is assumed. In sum, plaintiff alleges that the services provided by defendants during his Discharge Planning from Rikers Island were so inadequate that they violated his constitutional rights. The Court dismissed those claims against the three defendants named in the original Complaint, but granted plaintiff leave to file an amended complaint against Margarita Paez ("Paez"), an individual defendant named in the original complaint.[1]

Ms. Paez is a Discharge Planner at Rikers Island Discharge Planning Services and thus an employee of a government entity, the New York City Department of Correction. Plaintiff alleges that he consulted with Discharge Planning Services in an effort to find suitable treatment options for his mental health and an alternative to jail from October 24, 2008, when he was convicted in state court, to May 6, 2010, when he was sentenced. Ms. Paez was responsible for assisting

---

[1] Contemporaneous with the original complaint, plaintiff filed a separate § 1983 action against Ms. Paez, 10 Civ. 2746 (BMC). That action reiterates the same allegations against her.

1

plaintiff with his applications. He alleges that she was neglectful of her duties; representing that she was out of the office when she was not; submitting the wrong psychological evaluation to a service provider at least once; and preparing defective housing referral applications on his behalf. The housing referral applications Ms. Paez prepared were rejected three times, which delayed plaintiff's sentencing and resulted in a decrease in his "level of care of housing" from one to two. Essentially, plaintiff is dissatisfied with the level of treatment for which he qualified and the sentence that he received. He feels that he should have been placed in a treatment program but was not, he maintains, because of Ms. Paez's ineffectiveness.

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the district court shall dismiss the prisoner's complaint *sua sponte* if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," especially when the complaint alleges civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); see Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Where, however, the problems with the causes of action are "substantive" and would not be cured with "better pleading," repleading would be futile and any such request should be denied. Id.; see 28 U.S.C. §1915(e)(2)(B).

### B. Analysis

In order to maintain a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

The defendants Institute for Community Living, Osborne Association and Rikers Island Discharge Planning were dismissed in the Court's previous Order for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although plaintiff names Osborne Association and the Institute for Community Living again in his Amended Complaint, nothing alters the Court's conclusion that they are private entities and therefore not state actors subject to liability pursuant to 42 U.S.C. § 1983.

To the extent that plaintiff challenges Ms. Paez's performance, he has not stated a claim under § 1983. Although she is a state actor, the conduct complained of is, at most, negligence.

3

Allegations of negligence, as the Court explained in its previous Order, are insufficient for § 1983 liability. See Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670 (1986) (holding that plaintiff must show abusive conduct by government officials rather than mere negligence); Daniels v. Williams, 474 U.S. 327, 332-33, 106 S. Ct. 662, 666 (1986) (holding that Due Process Clause protections are not triggered by a lack of due care by prison officials). Such claims do not rise to the level required to state a § 1983 claim of deliberate indifference under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 106 & n. 14, 97 S. Ct. 285, 292 & n. 14 (1976); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (citing Estelle and noting that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim.").

Because taking all of the allegations in the Amended Complaint as true, Ms. Paez's alleged behavior was negligent at worst, the proper forum for this action is state court. See, e.g., Estelle, 429 U.S. at 107. Accordingly, the Amended Complaint against Ms. Paez is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A.

Finally, to the extent plaintiff seeks to challenge his sentence, a § 1983 claim is not the proper channel. He must exhaust his remedies in state court before challenging his conviction or sentence by a petition for a writ of habeas corpus in this court. See 28 U.S.C. § 2244, 2254; Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973).

## CONCLUSION

The Amended Complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915(A). The Clerk of Court is directed to send a copy of this Order to plaintiff at his current address at Downstate Correctional Facility, P.O. Box F,

Fishkill, New York 12524. The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      July 1, 2010